**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**COURTNEY PAINE-SNIDER**                                                                          **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO. 3:09CV704-HTW-LRA**

**L-3 COMMUNICATIONS VERTEX AEROSPACE, LLC**           **DEFENDANTS**

**ORDER**

     THIS CAUSE came before the Court for telephonic hearing on April 27, 2011, on Defendant L-3 Communications Vertex Aerospace, LLC's Expedited Motion to Compel Discovery, ECF No. 48.  The parties agreed and stipulated, based upon the Court's rulings, on the terms of the Order to be entered on all issues except for the production of Plaintiff's medical records.  The Order regarding those issues has been entered, ECF No. 62.  The parties disagreed on the terms of the Court's ruling as to the medical records, and the Court has revisited the issue based upon reconsideration of the pleadings, argument of counsel, and the applicable law.

     It is elementary that when a plaintiff makes a claim for damages for personal injuries, pain and suffering, and mental anguish, that plaintiff waives any medical privilege as to medical treatment reasonably related to the condition at issue.   Plaintiff in this case has now dropped all claims that she suffered any physical or emotional damages as a result of Defendant's alleged violation of law.  She has stipulated that the damages she seeks are limited to back pay, front pay, attorneys' fees, costs, lost benefits, interest and punitive damages.  As a result of this stipulation, the Court finds that she has not waived her

medical privilege, and she will not be directed to execute a general medical waiver for any period of time. The Court finds that her medical records will have little probative value since she claims no damages as a result.

However, the facts in this case include a fainting episode by Plaintiff which occurred on November 14, 2006, and it is referred to in her August 2007 EEOC charge. This episode cannot be "withdrawn" as it is part of the factual scenario which will be presented at trial. Plaintiff seeks no physical or emotional damages as a result of the episode, but she does intend to use the episode to show her reaction to Sinquefield's conduct and to show that his conduct was violent. *See* ECF No. 60, pp. 2-3. Because of this, the Court finds that some discovery must be allowed in order for Defendant to be given the opportunity to impeach Plaintiff's contention that her fainting was caused solely by the conduct of Sinquefield. To this extent only, the Court finds that Plaintiff has waived her medical privilege.

Defendant does not want to allow Plaintiff to determine which records are relevant to this episode and which should be produced. It has offered to limit its request for Plaintiff's medical records to a period beginning May 14, 2006, and ending on January 14, 2007. This encompasses a six month period prior to the fainting episode and two months thereafter. It contends that it should be entitled to secure all of her records for this period directly from her medical providers.

The Court concludes that while Defendant is entitled only to those records having some relevance to the fainting episode, it should not be limited to reviewing only those

medical records which Plaintiffs deem to be relevant. The Court hereby orders that Plaintiff produce her medical records in one of the following ways:

Plaintiff may, at her expense, procure certified or attested copies of all her medical records relating to any medical treatment she received from May 14, 2006, though January 14, 2007, review those records, and then, within 30 days of entry of this order, either produce all such records to Defendant or, alternatively, submit them to the Court for *in camera* inspection for a determination of whether portions are irrelevant or whether their relevancy is outweighed by their prejudicial effect. Plaintiff and her attorneys shall file certifications that the records produced to the Court [or to Defendant] constitute all of her medical records from every provider for the period of time from May 14, 2006, through January 14, 2007. As to any records submitted for *in camera* inspection, Plaintiff shall clearly identify the specific portions of such records which she seeks to protect from discovery and for each such portion, shall make a specific argument as to why that portion should not be produced.

As an alternative, Plaintiff may execute general medical waivers for this period, thereby placing on Defendant the burden of procuring and copying such records.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Discovery, ECF No. 48, is granted in part and denied in part, as set forth herein.

SO ORDERED this the 11th day of May, 2011.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE