IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**COURTNEY PAINE SNIDER**                                       **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 3:09-cv-00704-HTW-LRA**

**L-3 COMMUNICATIONS VERTEX
AEROSPACE, LLC**                                                **DEFENDANT**

### WOMBLE CARLYLE'S RESPONSE IN OPPOSITION TO L-3'S MOTION FOR CLERK'S ENTRY OF DEFAULT, AND ALTERNATIVELY, MOTION TO SET ASIDE ENTRY OF ANY DEFAULT, AND MOTION FOR EXTENSION OF TIME TO RE-URGE ITS MOTION TO DISMISS

COMES NOW Counterclaim/Third-Party Defendant Womble Carlyle Sandridge & Rice, LLP ("Womble Carlyle) and files this response to L-3's motion for entry of default [Doc. # 207], which is improper and should be denied. Alternatively, Womble Carlyle moves to set aside any such entry of default. Womble Carlyle further requests a twenty-eight (28) day extension, until May 29, 2014, to re-urge its motion to dismiss after incorporation of additional arguments which have arisen due to the production of The Whitten Report. In support thereof, Womble Carlyle would show as follows:

1. After this Court's March 12, 2014 Order [Doc. #202] requiring that L-3 produce The Whitten Report, L-3 did not produce the report. Instead, L-3 filed a Petition for Writ of Mandamus with the Fifth Circuit on March 21, 2014 challenging the order. The Fifth Circuit ordered Womble Carlyle to respond to L-3's petition, which was filed on April 7, 2014.

2. The Fifth Circuit denied L-3's petition by its order dated April 9, 2014; ***however***, the Fifth Circuit's order was not filed into the docket of this Court until April 17, 2014 [Doc. #

205]. Thus, setting aside the fact that Womble Carlyle has appeared in this case and vigorously contested L-3's improper and untimely counter-claims and third-party claims for more than two years, no responsive pleading should be required under F.R.C.P. 12(a)(4) until May 1, 2014. Any entry of default by the Clerk of this Court would therefore be improper. Moreover, L-3 only produced The Whitten Report, which is 120 pages in length, to Womble Carlyle late on the afternoon of April 14, 2014.

3. Womble Carlyle fully intends to re-urge its motion to dismiss after the inclusion of additional arguments which have arisen from the recent production and ongoing evaluation of the in-depth Whitten Report. Womble Carlyle requests a twenty-eight (28) day extension, until May 29, 2014, to re-urge its motion to dismiss. Womble Carlyle's undersigned counsel is primarily responsible for the briefing of all prior motions and the motion to be re-urged and has been defending all-day depositions in Jacksonville, Florida at the insistence of opposing counsel from L-3's counsel's firm (Phelps Dunbar) for the past two weeks, and has three additional all-day depositions noticed by Phelps Dunbar in Jacksonville, Florida next week on May 7, 8, and 9, as well as in Gulfport, Mississippi expected to be noticed on May 19 and 20.

4. To the extent the Clerk enters a default prior to disposition by the Court of this response and motion, Womble Carlyle moves that any such default be set aside. "Defaults are not favored and their strict enforcement 'has no place in the Federal rules.'" *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991)). "Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000) (quoting

*Mason & Hanger—Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir.1984)).

5. Pursuant to Federal Rule of Civil Procedure 55(c), an entry of default may be set aside for good cause. The requirement of good cause has been interpreted liberally. *Effjohn*, 346 F.3d at 563. Some non-exclusive factors the Court should consider in evaluating whether good cause exists are: (1) whether the default was willful; (2) whether setting it aside would prejudice the opponent; (3) whether a meritorious defense is presented; and (4) whether the defaulting party has acted expeditiously to correct the default. *Id.*

6. Good cause exists for setting aside any Entry of Default. Any purported default was assuredly not a willful one—i.e., was not "an 'intentional failure' to respond to litigation." *In re OCA, Inc.,* 551 F.3d 359, 371 n.32 (5th Cir. 2008). As shown by the attached affidavit of Womble Carlyle's undersigned counsel, Hugh Ruston Comley, any alleged failure to timely file a responsive pleading or re-urge the motion to dismiss as contemplated by the Court's Order was the result of exceptional circumstances surrounding the Mandamus of this Court's order, the timing of the entry of the Fifth Circuit's order in this case, the timing of the production of The Whitten Report and its density, as well as other conflicts of counsel. [Ex. A.] Such non-willful actions are routinely held to satisfy this factor. *See, e.g., Bowens v. Aftermath Entm't,* 254 F. Supp. 2d 629, 645 (E.D. Mich. 2003) (holding that the plaintiff had no valid claim of default and setting aside the clerk's entry of default where (1) the defendant filed its motion to dismiss on the same day default was entered and moved to set aside the default almost immediately, (2) the defendant had a meritorious defense, and (3) there was no evidence the defendant acted recklessly or in bad faith); *Horner v. Wyeth, Inc.,* No. 1:10CV147-SA-JAD, 2011 WL 765959 (N.D. Miss. Feb. 25, 2011); *Ainsworth v. Gildea,* No. 3:09CV68-DPJ-JCS, 2009 WL 3336111

3

(S.D. Miss. Oct. 14, 2009). Clearly then, Womble Carlyle did not intentionally fail to respond to the third-party/counter-claim complaint.

7.	As to the prejudice factor, Womble Carlyle believes that setting aside any default would visit zero prejudice upon L-3. The counterclaims and third-party claims in this case are still in their infant stages and have been extensively responded to by Womble Carlyle in its prior pleadings [*see* Doc. #'s 143, 144, 154, 155, 163, 165, 178, 181, 189]. L-3 has not been irreparably harmed in any fashion due to Womble Carlyle's alleged default. In addition, Womble Carlyle fully intends to re-urge its motion to dismiss, as contemplated by the Court's Order, in an expeditious manner so that a final resolution on this issue is achieved at the earliest possible date.

8.	Regarding the third factor, Womble Carlyle has a meritorious defense to the third-party/counter-claims asserted by L-3 in the numerous pleadings cited above: L-3's claims were improperly and untimely asserted under the Federal Rules, are without jurisdiction, and are based on knowingly false assertions to the Court.

9.	Last, Womble Carlyle has acted expeditiously in setting aside any default. As counsel states in his affidavit, fourteen (14) days from this Court's entry of the Fifth Circuit's denial has not past, and this response/motion [Doc. # 208] is being filed the same day as L-3's motion for entry of default [Doc. # 207], and prior to any entry of default by the Clerk of Court. Womble Carlyle has assuredly has acted expeditiously to correct any alleged default.

10.	Therefore, Womble Carlyle respectfully requests the Court set aside any entry of default and permit Womble Carlyle to file a responsive pleading/re-urge its motion to dismiss with additional arguments arising from The Whitten Report by May 29, 2014.

11.	This motion is made to promote the interests of justice.

12.     Given the nature of this response/motion and the requested relief, Womble Carlyle respectfully requests that the requirement of a separate memorandum in support be waived.

Wherefore, for the reasons stated and for the good cause shown, Counterclaim Defendant Womble Carlyle Sandridge & Rice, LLP respectfully requests the Court deny L-3's motion for entry of default, or alternatively, grant its Motion to Set Aside Entry of Default, and grant an extension until May 29, 2014 for Womble Carlyle to re-urge its motion to dismiss.

Dated:  April 29, 2014

> Respectfully submitted,
>
> WOMBLE CARLYLE SANDRIDGE & RICE, LLP
>
>  /s/ Hugh Ruston Comley
> Michael W. Ulmer (MSB No. 5760)
> Hugh Ruston Comley (MSB No. 102307)
> WATKINS & EAGER PLLC
> 400 East Capitol Street, Suite 300
> Post Office Box 650
> Jackson, Mississippi 39205
> Telephone: (601) 965-1900
> Facsimile:  (601) 965-1901
> mulmer@watkinseager.com
> rcomley@watkinseager.com

## **CERTIFICATE OF SERVICE**

I, Hugh Ruston Comley, do hereby certify that I have this date filed the foregoing document with the Clerk of the Court via the CM/ECF system which sent notification of such filing to all counsel of record.

This, the 29th day of April, 2014.

                                         /s/ Hugh Ruston Comley  
                                        Hugh Ruston Comley