IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**COURTNEY PAINE SNIDER**                                                                        **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 3:09-cv-704-HTW-LRA**

**VERTEX AEROSPACE, LLC**                                 **DEFENDANT/COUNTER-PLAINTIFF**

**V.**

**COURTNEY PAINE SNIDER; WOMBLE
BOND DICKINSON (US), LLP; and
CHARLES A. EDWARDS**                                             **COUNTER-DEFENDANTS**

## ORDER

Before this court is the *Motion to Substitute the Estate of Charles A. Edward for Counterclaim Defendant Charles A. Edwards* **[Docket no. 316]**, filed by Vertex Aerospace, LLC ("Vertex"), formerly operating under the business name L-3 Communications Vertex Aerospace, LLC[1]. Vertex, by way of its Motion, has petitioned this court to substitute the Estate of Charles A. Edwards for the deceased Counterclaim Defendant Charles A. Edwards ("Edwards").

Counterclaim Defendant Womble Bond Dickinson (US) LLP ("Womble"), formerly operating as Womble, Carlyle, Sandridge & Rice LLP[2], opposes Vertex's requested substitution, as demonstrated in its Response in Opposition [Docket no. 319]. Edwards's son, and Executor of his Will, Lee McNeil Edwards, also opposes Vertex's motion to substitute [Docket no. 325]. Executor Lee McNeil Edwards ("the Executor") has entered a limited appearance in this matter "to contest substitution for reasons of jurisdictional and process defects only" [Docket no. 325].

---

[1] See Docket no. 327, Order substituting proper party, dated 03/05/2021.

[2] See Docket no. 326, Order substituting proper party, dated 03/05/2021.

Vertex has filed this motion to substitute under the auspices of Federal Rule of Civil Procedure 25(a)[3], which states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party". The Rule explains further that any party, or the decedent's successor or representative, may make this motion to substitute "within 90 days after service of a statement noting the death." The parties herein disagree as to the proper interpretation of Rule's FRCP 25(a), and request this court determine whether Vertex filed its motion to substitute *sub judice* in a timely fashion and in lockstep with the requirements of FRCP 25(a).

## I.   BACKGROUND

This lawsuit originated in 2009 as an employment discrimination action by Courtney Paine Snider ("Snider") against L-3/Vertex. [Docket no. 1]. Vertex then brought counterclaims against Snider, Womble, and Edwards, on February 15, 2012. [Docket no. 127]. Edwards, sadly, passed away on September 10, 2015. The parties, and this court, were provided with a copy of Edwards's Death Certificate by a letter to the court, dated September 23, 2015.

This court entered its final judgment, dismissing counterclaimant Vertex from this lawsuit with prejudice, on October 17, 2016. [Docket no. 293]. Vertex appealed this court's judgment to the United States Court of Appeals for the Fifth Circuit, on October 27, 2016. [Docket no. 294].

---

[3] Federal Rule of Civil Procedure 25(a) states:
 (a) Death.
  (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
  (2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
  (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25

2

Subsequently, on November 28, 2016, this court ordered this matter stayed pending the Fifth Circuit's resolution of the appeal. [Docket no. 310].

The Fifth Circuit remanded this case to this court on January 22, 2020, affirming in part, and reversing in part, this court's judgment. [Docket nos. 312 and 313]. The Executor filed a Suggestion of Death on the record a few days later, on January 27, 2020. [Docket no. 315]. The Suggestion of Death states:

1. Charles A. Edwards died on September 10, 2015.

2. Statements noting the death of Charles A. Edward were previously served and/or communicated to all parties remaining in this action on at least two prior occasions[4]. All parties have been on notice of Mr. Edwards' death for over four years.

3. Lee McNeil Edwards, the son of Charles A. Edwards, is, by operation of the Will of Charles A. Edwards, the Executor of his Estate. Lee McNeill Edwards has also served as the Estate collector by affidavit since October 20, 2015.

[Docket no. 315, p. 1, ¶¶ 1-3].

Vertex filed its Motion to Substitute on March 3, 2020. This Motion, alleges Vertex, is timely because the 90-day clock did not begin to run until the Executor filed its Suggestion of Death on the record, on January 27, 2020.

## II.     ANALYSIS

The parties point to the Advisory Committee Notes to the 1963 Amendment to FRCP 25(a), which state, in pertinent part:

> The amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death on the record, *i.e.*, service of a statement of the fact of death…

The Advisory Committee Notes further explain:

---

[4] The only communication regarding Edwards's death referenced in the parties' briefs, and during oral arguments on March 5, 2021, is the September 23, 2015, letter noted *supra*. This court, however, notes that the statements in the Suggestion of Death have not been disputed by any party.

>A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record.
>
>A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the of the amended rule ("the court may order") it may be denied by the court in the exercise of a sound discretion if made long after the death—as can occur if the suggestion of death is not made or is delayed—and circumstances have arisen rendering it unfair to allow substitution. *Cf. Anderson v. Yungkau*, supra, 329 U.S. at 485, 486, 67 S. Ct. at 430, 431, 91 L. Ed. 436, where it was noted under the present rule that settlement and distribution of the estate of a deceased defendant might be so far advanced as to warrant denial of a motion for substitution even though made within the time limit prescribed by that rule[5]. Accordingly, a party interested in securing substitution under the amended rule should not assume that he can rest indefinitely awaiting the suggestion of death before he makes his motion to substitute.

Vertex cites the several cases in support of its contention that the 90-day window for moving to substitute a party after death began to run on January 27, 2020, at the time the Suggestion of Death was filed on the record: *Hollowell v. Town of Stone Wall*, No. 4:10-cv-204, 2011 U.S. Dist. LEXIS 154183, at *1 (S.D. Miss. Dec. 5, 2011) ("Because the Suggestion of Death was filed on August 12, 2011, the ninety day period for filing a motion to substitute parties expired on or about November 10, 2011."); *Busick v. Hatten*, 3:10-cv-190, 2011 U.S. Dist. LEXIS 78579, at *2 (S.D. Miss. June 21, 2011) ("Because the Suggestion of Death was filed on March 8, 2011, the ninety day period for filing a motion to substitute parties expired on or about June 8, 2011."); accord *Schmidt v. Merrill Lynch Trust Co.*, No. 5:07-cv-382, 2008 U.S. Dist. LEXIS 114674, at *5 (M.D. Fla. June 2, 2008) ("In the absence of a legally sufficient statement of death on the record, the 90 day deadline in Rule 25(a) does not begin to run.").

---

[5] The United States Supreme Court in *Anderson* found that the federal law embodied in Rule 25(a) has a direct impact on the probate of estates in the state courts, thus, it should not be construed to be more disruptive of prompt and orderly probate administration in those courts than its language makes necessary. *Anderson v. Yungkau*, 329 U.S. 482, 486 (1947).

Vertex alleges that Womble has no standing to oppose its motion to substitute. [Docket no. 321, pp. 1-2]. Vertex then, contrary to its own statement, alleges because Rule 25(a)(1) permits "any party" to seek the requested relief, either Womble or Edwards's Estate could have filed a Suggestion of Death, or otherwise "raised this issue almost five years ago to start the Rule 25 clock or to move the issue out of limbo."  [Docket no. 321, p. 3].

This court, as a preliminary matter, finds that Womble does have standing to oppose Vertex's motion to substitute. The language of Rule 25 mandates service of the motion to substitute on all parties and allows for a party other than the deceased's legal representative to object to the substitution. Womble also has standing to object due to the nature of Vertex's counterclaims, which allege civil conspiracy, and joint and several liability of Edwards, Womble, and Snider. [Docket no. 127].

This court now turns to the merits of Womble's opposition to the motion to substitute. Womble, in its opposition memorandum, contends that Vertex had a right to move to substitute Edwards's Estate since the time of Edwards's death on September 10, 2015. "It is not necessary", says Womble, "that a notation of the fact of death be made on the record before a motion for substitution can be made." 7C Charles Alan Wright et al, Federal Practice and Procedure § 1956 687 (3d ed. 2005).

Womble points next to a case from this district, *Ashley v. Illinois Central Gulf Railroad Company*, 98 F.R.D. 722 (S.D. Miss. 1983), where United States District Judge Barbour found a lack of diligence and dismissed the matter because plaintiff, among other things, failed to substitute a proper party for the deceased party from the time of death on April 11, 1982, until the defendant filed a Suggestion of Death, on September 18, 1982 (a period of about 5 months). The court

5

dismissed the matter also because plaintiff therein waited until the 89th day after the filing of the Suggestion of Death to file his Motion for Substitution of Party.

Further, argues Womble, there are state law reasons, Mississippi state law favors a denial of Vertex's motion to substitute. Miss. Code Ann. § 91-7-235 provides as follows:

> When any decedent shall in his lifetime have committed any trespass, the person injured, or his executor or administrator, shall have the same action against the executor or administrator of the decedent as he might have had or maintained against the testator or intestate, and shall have like remedy as in other actions against executors and administrators. Vindictive damages shall not be allowed, and such action shall be commenced within one year after publication of notice to creditors to probate and register their claims.

Womble points also to Miss. Code Ann. § 15-1-25, which sets a 4-year statute of repose as to any action against the estate of a deceased defendant. § 15-1-25 provides in full:

> An action or scire facias may not be brought against any executor or administrator upon any judgment or other cause of action against his testator or intestate, except within four years after the qualification of such executor or administrator.

This court, however, finds that both Mississippi legal code sections cited by Womble apply to actions "commenced" (§ 91-7-235) or "brought against" (§ 15-1-25) a deceased wrongdoer's estate. These sections, thus, do not apply to the case at bar, since Vertex filed its counterclaim against Edwards more than three years before his death. [Docket no. 128]. Rather than commencing a lawsuit against Edwards's estate, Vertex, now seeks to substitute the Estate of Charlie Edwards as the alleged proper legal representative of the initial responsible party, the late Charles Edwards.

Womble argues, lastly, that Vertex has no claim for punitive damages or emotional distress damages against the Estate of Charlie Edwards; therefore, there exist no viable damages to Vertex in this matter. *Mervin v. Wolverton*, 211 So. 2d 847, 848 (Miss. 1968) (. . . "but the realm of the dead is not invaded, and punishment visited upon the dead."), *Kaplan v. Harco Nat. Ins. Co.*, 716

So. 2d 673, 679 (Miss. Ct. App. 1998) ("A statute [citing § 91-7-235] makes clear that a punitive damage claim against a party who dies before judgment, also dies"); and *Wilbanks v. Gray*, 795 So. 2d 541, 548 (Miss. Ct. App. 2001) ("As to the estate of Mrs. Wilbanks, Miss. Code Ann. § 91-7-235 (Rev. 2000) does not allow the recovery of punitive damages against an estate because of a prior tort committed by the decedent.").

This court, finds, however, that in addition to punitive damages, Vertex's counterclaim requests "actual," "incidental," and "consequential" damages, along with "attorneys' fees" and "[d]isgorgement of all [legal] fees" collected by the Counterclaim Defendants. [Docket no. 128, p. 27]. Because these damages have been requested and are available to Vertex, should this court grant Vertex's motion to substitute, Edwards's estate would be liable for these damages to the extent that Edwards would have been liable during his life.

This court finally turns to the Executor's objections to Vertex's motion to substitute. The Executor argues that Edwards's personal effects and debts were long ago administered in accordance with North Carolina's small estate "affidavit by collector" proceedings[6]. Thus, says the Executor, the time for asserting a claim against the Estate of Charles Edwards has long passed, and substitution at this late stage would frustrate the purposes of Rule 25. In support of its stance, the Executor again points to the Advisory Notes' reference to the United States Supreme Court case of *Anderson v. Yungkau*, where it was noted that settlement and distribution of the estate of a deceased defendant might be so far advanced as to warrant denial of a motion for substitution even though made within the time limit prescribed by Rule 25.

---

[6] "Collection by Affidavit" is a process recognized under the probate laws of the State of North Carolina, which applies to estates of small value.

Further, claims the Executor, this court should disallow this substitution because Vertex has failed to fulfill its service requirements under Rule 25(a)(3) [7], which states: "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district."

"Rue 25(a) sets forth various requirements about who may make the motion to substitute, who it must be served upon, how it must be served, and when it must be made in order to avoid dismissal." Fed. R. Civ. P. 25 cmt; A motion to substitute is not valid unless it is "served, together with a notice of hearing . . . on nonparties as provided in Rule 4." See Fed R. Civ. P. 25(a). "Rule 4 service is needed to establish the court's personal jurisdiction over the new party." Fed. R. Civ. P. 25 cmt; *Ransom v. Brennan*, 437 F. 2d 513, 518 (5th Cir. 1971) (concluding that "Rule 4 service of the motion to substitute is for the purpose of acquiring personal jurisdiction over non-parties, and Rule 5 service of the motion is not sufficient to acquire such jurisdiction and cannot be employed in lieu of Rule 4."). The putative successor, until substituted, is a "non-party". See *Ransom*, 437 F. 2d at 517. As with other instances of process, service upon the non-party's counsel is generally ineffective, and actual notice of the non-party is irrelevant. See *Ransom* (rejecting argument that service upon attorney of executrix sought for substitution satisfied service requirement since "service of process on an attorney is not effectual solely by reason of his capacity as an attorney"); *Sampson v. ASC Industries*, 760 F. 3d 679, 682 (5th Cir. 2015) (citing *Ransom*) ("Rule 4 service [is] required even if the executrix had actual notice of the motion for substitution.").

---

[7] See Footnote 3.

This court, in accord with the Advisory Notes to Rule 25, finds that "a party interested in securing substitution under the amended rule should not assume that he can rest indefinitely awaiting the suggestion of death before he makes his motion to substitute."[8]  In the present case, Vertex was first made aware of Edwards's death on September 23, 2015. The Suggestion of Death further notes that the parties had been aware of Edwards's death for over four years before the filing of the suggestion. This court finds that allowing the substitution of the Estate of Charles A. Edward for the deceased counterclaim defendant Edwards at this stage, when Edwards's Estate is effectively closed, would unfairly prejudice the Estate.

This court further finds that Vertex's Motion to Substitute [Docket no. 316], was filed over a year ago, and yet, the record reflects no attempt by Vertex to serve, in any manner recognized under Rule 4, the Motion, on a representative of the Estate. This court, therefore, finds that Vertex has failed to follow the service requirements of Rule 25(a)(3).

Although Vertex has vigorously argued timeliness and standing issues, *inter alia*, those retorts simply do not possess the bemuscled jurisprudence weighing against a reasoned grant of the motion. Accordingly, this court must deny Vertex's motion to substitute.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Vertex's *Motion to Substitute the Estate of Charles A. Edward for Counterclaim Defendant Charles A. Edwards* **[Docket no. 316]** hereby is DENIED.

**SO ORDERED, this the 29th day of March, 2021.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT JUDGE**

---

[8] See Footnote 3.